IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TED LAWRENCE ROBERTSON,           §
TDCJ-CID NO. 1175868,             §
                Petitioner,       §
                                  §
v.                                §        CIVIL ACTION NO. H-05-1976
                                  §
DOUGLAS DRETKE, Director of TDCJ-CID, §
                Respondent.       §

OPINION ON DISMISSAL

Petitioner Ted Lawrence Robertson, a state inmate proceeding *pro se*, seeks federal habeas

relief from a disciplinary conviction in cause number 20050178301 for threatening to assault an

officer at the Huntsville-Walls Unit of the Texas Department of Criminal Justice-Correctional

Institutions Division ("TDCJ-CID"). (Docket Entry No.1). After he was convicted, punishment was

assessed at a reduction in line class status, forty-five days loss of television and radio privileges,

forty-two hours of extra duty, forty-five days cell restriction, fifteen days solitary confinement,

suspension of contact visits through June 18, 2005, and forfeiture of 1000 days of good conduct

credit. (Docket Entry No.1).

Respondent has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure (Docket Entry No.15) and state court records. (Docket Entries No.15, No.16). The

Court converted the motion to dismiss into a motion for summary judgment and ordered plaintiff

to file a response to the motion. (Docket Entry No.17). Plaintiff has filed a "Motion for Default

Entry, Default Judgment, Summary Judgment and Response to Respondents' Motion to Dismiss."

(Docket Entry No.18). Also pending are petitioner's motion for summary judgment (Docket Entry

10), motion for default judgment (Docket Entry No.12), and petitioner's motion for a court order.

(Docket Entry No.20). For the reasons to follow, the Court will grant respondent's motion for

summary judgment and dismiss this habeas action and deny petitioner's motions for default and summary judgment.

## Claims

Petitioner seeks federal habeas relief on the following claims with respect to the disciplinary conviction:

1.      He was denied due process of law because the hearing officer was biased;

2.      He was detained in prehearing detention in excess of the time allowed under TDCJ-CID rules;

3.      His witnesses were excluded from the disciplinary hearing; and,

4.      He is actually innocent of the charge of assaulting an officer because the offense was reduced to threatening to assault an officer.

(Docket Entry No.1).

## Analysis

Respondent moves for summary judgment on the ground that petitioner has failed to state a ground upon which federal habeas corpus relief may be granted.  (Docket Entry No.15).  Petitioner moves for summary judgment on the grounds stated in his original petition.  (Docket Entry No.10).

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285,

1295 (5th Cir. 1994)).   The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Prisoners charged with institutional rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest.  *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001).  Such an interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).   Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Respondent maintains that petitioner is not eligible for mandatory supervision; therefore, any challenge that petitioner makes to the disciplinary case fails to raise a constitutional deprivation. (Docket Entry No.15).  Respondent further maintains that to the extent petitioner claims that the disciplinary actions taken by prison officials have affected his eligibility for parole, he fails to show that he has a liberty interest in parole. (*Id.*).  Finally, respondent maintains the disciplinary sanctions that petitioner received as a result of the disciplinary conviction do not impact the duration of his sentence and therefore, do no implicate due process concerns.  (*Id.*).

-3-

Petitioner contends that he is eligible for mandatory supervision because he was convicted without an affirmative finding that he used or exhibited a deadly weapon.  (Docket Entry No.18). In support of this claim, petitioner cites to an intermediate state appellate court opinion, in which the appellate court found that the variance between the indictment, which charged petitioner with "unlawfully, intentionally and knowingly violating a protective order by 'committing the offense of assault of [the complainant] with a deadly weapon, namely, A KNIFE,' " *Robertson v. State*, 175 S.W.3d 359, 365 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd), and the evidence admitted at trial was not material.  (Docket Entry No.18).  Petitioner, however, misreads the opinion.  The intermediate state appellate court affirmed the conviction upon a finding that the evidence was legally sufficient to find petitioner guilty of violating a protective order by using or exhibiting a deadly weapon "[b]ecause it was unnecessary for the State to prove the box-cutter" was a deadly weapon.  *Robertson*, 175 S.W.3d at 365.  Therefore, because he was found guilty of using or exhibiting a deadly weapon during the course of committing the offense, petitioner is not eligible for mandatory supervision under state law.  *See* TEX. GOV'T CODE ANN. §508.149(a)(1) (Vernon 2004); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2005).  Accordingly, the forfeiture of his good conduct credits do not adversely impact a liberty interest that would implicate the Due Process Clause.

The other changes in his confinement resulting from the disciplinary conviction, *i.e.*, loss of commissary and recreational privileges, cell restriction and solitary confinement, and reduction in class line status do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause.  *See Sandin*, 515 U.S. at 486 (confinement in administrative segregation); *Malchi*, 211 F.3d at 959 (right to particular time-earning status); *Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss

of opportunity to earn good time credits).  The temporary suspension of contact visits and radio and television privileges, and the extra work assignments do not implicate due process concerns. Accordingly, petitioner's habeas petition does not present a cognizable basis for habeas relief. Therefore, petitioner's motion for summary judgment will be denied and respondent's will be granted.

Because petitioner's claims with respect to the disciplinary hearing, conviction, and sanctions do not state a cognizable basis for habeas relief, the claims forming the basis of his motions for entry of default and a default judgment are likewise without a legal basis.  Therefore, the Court will deny petitioner's motions for entry of default and a default judgment.

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny

a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will be denied.

## Conclusion

The Court finds that there is no genuine issue of material fact in this habeas action, and that the respondent is entitled to summary judgment as a matter of law.  The Court therefore ORDERS the following:

1.  Respondent's Motion for Summary Judgment (Docket Entry No.15) is GRANTED.

2.  Petitioner's Motion for Summary Judgment (Docket Entry No.10), his Motion for a Default Entry and Ruling on Motion for Summary Judgment (Docket Entry No.12), his Motion for a Default Entry and Default Judgment (Docket Entry No.18), and his Motion for a Court Order (Docket Entry No.20) are DENIED.

3.  This petition is DISMISSED with prejudice.

4.  A certificate of appealability from this decision is DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on April 7, 2006.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE